PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 5:19-CV-2682 |
| RONALD J. SMITH, ) | |
| ) | |
| Appellant ) | JUDGE BENITA Y. PEARSON |
| ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** [Resolving ECF No. 3] |

Pending is Appellant Ronald J. Smith's motion for recusal. ECF No. 3. Appellee has not responded and the time to do so has passed. For the reasons explained below, the motion is denied.

**I. Background**

Appellant has appealed decisions of the Bankruptcy Court for the Northern District of Ohio.[1] ECF No. 1. Appellant's motion for recusal relies primarily on a prior litigation between the same parties now before the undersigned that was dismissed in 2018. ECF No. 3. For context, the Court discusses that prior case below.

In 2017, Appellant, as plaintiff, filed an action against Appellee, as a defendant[2], for allegedly violating the Fair Credit Reporting Act, the Fair Debt Collections Practices Act, and the

---

[1] The Court does not address the underlying facts and merits of the appeal in this Order.

[2] The former case had more than one Defendant but Appellee is the only party in this pending bankruptcy appeal.

(5:19CV2682)

Federal Trade Commission Act. ECF No. 39 at PageID #: 365.[3] Appellee filed a motion to dismiss and the Court granted the motion. Id. at PageID #: 364. Among other reasons, the Court found that Appellant had no standing because he failed to demonstrate a cognizable injury.[4] Id. at PageID #: 374-78. Appellant filed a motion to reconsider which was denied. ECF No. 44. Appellant appealed and the Sixth Circuit affirmed the dismissal. ECF No. 49.

## II. Standard of Review

The conduct of federal judicial officers is governed by Code of Conduct for United States Judges. See Code of Judicial Conduct for United States Judges. The advice imparted is organized in Canons. Canons are rules of reason. They should be applied consistently with constitutional requirements, statutes, other court rules and decisional law, and in the context of all relevant circumstances. The Code is to be construed so it does not impinge on the essential independence of judges in making judicial decisions. Id.

Canon 2A instructs that a judge should avoid impropriety and the appearance of impropriety in all activities. Id. "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired." Id., Commentary 2A. Canon 2B cautions that a judicial officer should not allow relationships, including, family, social, political, financial, or other relationships to

---

[3] This citation and any other citations in Section I discussing the 2017 case are references to the docket in Case No. 4:17-cv-1142.

[4] The case was also dismissed because Appellant failed to allege a plausible claim under the Fair Debt Collection Practices Act. ECF No. 41 at PageID #: 378-83.

2

(5:19CV2682)

influence judicial conduct or judgment.

Canon 3 directs that a judge should perform the duties of the office fairly, impartially and diligently. It further instructs that a judge shall disqualify herself in a proceeding in which the judge's impartiality might reasonably be questioned. *Id.*, Canon 3(C)(1). That same canon mandates that "[a] judge should hear and decide matters assigned, unless disqualified." *Id.*, Canon 3(A)(2).

The decision of whether to recuse lies within the discretion of the judicial officer. *United States v. Wilensky,* 757 F.2d 594, 599_600 (3d Cir. 1985). There are two federal statutes that dictate the circumstances under which a federal judge should recuse. Appellant relies primarily on only one.[5] Section 455(a) of Title 28 of the United States Code provides in pertinent part that "[a]ny justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is only required when "the probability of actual bias on the part of the judge or decisionmakers is too high to be constitutionally tolerable." *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (2016)).

---

[5] Motions for recusal are also governed by Section 144 of Title 28 of the United States Code. Recusal under 28 U.S.C. § 144 is mandatory "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Appellant refers to this statute once but Appellant fails to explain how this statute applies and has not filed (nor could he credibly file) an affidavit indicating that the undersigned has a personal bias against him. *See* ECF No. 3 at PageID #: 42.

(5:19CV2682)

When reviewing motions for recusal, the Sixth Circuit has held that § 455(a) requires recusal "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861-63 (1988); *Liteky v. United States*, 510 U.S. 540, 548 (1994). However, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972).

### III. Discussion

**A. § 455(a)**

The standard for recusal is whether, under the circumstances of this case, a reasonable, objective person knowing all the circumstances would have questioned the Court's impartiality. *See Easley v. Univ. of Michigan Bd. of Regents*, 906 F.2d 1143, 1146 (6th Cir. 1990).

Appellant contends that the undersigned risks impartiality because he has appealed two of the Court's previous decisions.[6] ECF No. 3 at PageID #: 36. Section 455(a) must not be so broadly construed that recusal is mandated upon the merest unsubstantiated suggestion of an appearance of impropriety, personal bias or prejudice. *See Tonkovich v. Kansas Bd. of Regents*, 924 F. Supp. 1084,1087 (D. Kan. 1996). "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Id*. (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). Appellant's claims cannot be substantiated.

---

[6] Appellant characterizes his motion to reconsider as an appeal because he "challenged the decision of the court." ECF No. 3 at PageID #: 36.

4

(5:19CV2682)

Appeals serve an important function of the judicial process. Merely appealing (or seeking reconsideration of) the undersigned's decisions in a separate case does not risk the undersigned being impartial towards Appellant nor would any reasonable person believe this to be true. The logical implication of Appellant's assertion is that judicial officers must recuse themselves every time that an appeals court reverses one of their decisions. The notion that the undersigned, or by implication other judicial officers, harbors ill towards a litigant based on appeal, is not one that can be credibly considered. The undersigned finds that there is no basis upon which a reasonable, objective person knowing these same facts would question the undersigned's impartiality.

### B. § 455(b)

Under § 455(b)(1), a judicial officer must recuse herself when "[she] has a personal bias or prejudice concerning a party, or personal knowledge or disputed evidentiary facts concerning the proceeding." Appellant claims that the undersigned has demonstrated bias against him because his previous case was dismissed. ECF No. 3 at PageID #: 36-40. Appellant avers the dismissal "demonstrated . . . favoritism for the bank and antagonism against the [Appellant] . . ." *Id*. at PageID #: 40. Appellant is mistaken. The Court dismissed Appellant's previous case because he had no Article III standing, a constitutional doctrine the undersigned and all other judicial officers are bound to follow. ECF No. 39 at PageID #: 374-78.[7] The dismissal's sound reasoning is underscored by the Sixth Circuit affirming the undersigned's decision. ECF No. 49.

---

[7] This citation and the subsequent citation to the Sixth Circuit's opinion is to Northern District of Ohio Case No. 4:17-cv-1142.

5

(5:19CV2682)

Despite Appellant calling the undersigned's, the Sixth Circuit's, and the entire judicial system's motives into question, he has not provided any factual basis to suggest that the four judicial officers whom issued rulings in the previous case were biased.[8] *See* ECF No. 3 at PageID #: 38-40. Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

Appellant claims the undersigned's personal knowledge of the underlying facts from the previous case merits a recusal under § 455(b)(1). ECF No. 3 at PageID #: 40-41. He is mistaken. Presiding over cases with similar facts is insufficient to warrant recusal. *See Burlingame v. United States*, 2018 WL 3993544, at * 2 (6th Cir. Apr. 17, 2018) (finding that a judge who previously presided over a criminal case was not required to recuse himself in a subsequent Section 2255 action); *see also* L.R. 3.1(b)(3) (noting that a case may be referred to the original judge of a related case). Rather, few litigants complain of well-informed judges.

Finally, Appellant asserts that the undersigned must be recused under § 455(b)(3), which provides that a judicial officer must recuse herself "[w]here [she] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." The rule applies, for example, to a judge whom previously served as an Assistant United States Attorney ("A.U.S.A") and, while serving in that capacity, handled a case addressing the underpinning facts of the case at issue. That circumstance does not exist here. *Cf.*

---

[8] Appellant claims that there is a "well-document institutional bias and prejudice of some in the judiciary who reflexively side with banks and against 'deadbeat' debtors in foreclosure and bankruptcy cases." ECF No. 3 at PageID #: 38.

(5:19CV2682)

*United States v. Arnpriester*, 37 F.3d 466, 467-68 (9th Cir. 1994) (finding recusal was necessary because the judicial officer was involved in the investigation of the criminal defendant). The undersigned never handled a matter touching upon Appellant's case while serving as an A.U.S.A. Appellant hones in on Canon 3(C)(1)(e) of the Code of Judicial Conduct for United States Judges, which provides that a judge should recuse herself when "the judge has served in governmental employment and in that capacity participated as a judge (*in a previous judicial position*), counsel, advisor, or material witness concerning the proceeding . . ." (emphasis added). First, the Canon focuses on the government employee's knowledge *before* being appointed a federal judge presiding over the pending matter. *See Johnson v. United States*, 2011 WL 2709871, at *2 (N.D. Cal. July 12, 2011) (noting that the party seeking recusal "offers no facts that the demonstrate the undersigned's ruling are informed by knowledge acquired outside of the proceedings . . ."). Moreover, this rule only applies to federal judges who had served as a judge beforehand, were subsequently appointed to the federal bench, and are now being asked to review decisions made based on their previous judgeship. *See Clemmons v. Wolfe*, 377 F.3d 322, 329 (3d Cir. 2004); *Russell v. Lane*, 890 F.2d 947, 947-48 (7th Cir. 1989) (finding that the federal judge should have recused himself in the habeas proceeding because he served on the state appellate court that affirmed petitioner's conviction); *Rice v. McKenzie*, 581 F.2d 1114, 1117 (4th Cir. 1978) (same); *Hill v. Thaler*, 401 F. App'x 974, 975 (5th Cir. 2010) ("Such a situation arises when a federal judge in a habeas case reviews the validity of a decision in which [she] previously participated as a judge in state court." ). Although the undersigned served as a

7

(5:19CV2682)

federal Magistrate Judge before being appointed by President Obama, she did not preside over this bankruptcy (or a related) matter during that tenure.

Even if the Court construes the rule to apply to cases while the undersigned was already on the federal bench, such as Appellant's, recusal is still inappropriate. Although there may be some factual overlap between Appellant's previous claims and this bankruptcy appeal, the matters are sufficiently distinct. The undersigned is tasked with reviewing the bankruptcy court's decision, not reviewing the already decided issues in the previous litigation.

### IV. Conclusion

For the foregoing reasons, Appellant's motion for recusal is denied.

IT IS SO ORDERED.

| | |
|---|---|
| December 20, 2019 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |