PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD JOSEPH SMITH, ) | |
| ) | CASE NO. 4:19CV2682 |
| Appellant, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| U.S. BANK, N.A., ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Appellee. ) | **ORDER** [Resolving ECF No. 14] |

Pending is Smith's Motion for Stay Pending Appeal and/or Temporary Restraining Order ECF No. 14. After notice to the parties, the Court held a hearing on the motion.[1] The motion has been fully briefed. ECF Nos. 14, 17, and 18. The Court has been advised, having reviewed the record and applicable law, and having heard the oral arguments of the parties.

**I. Discussion**

Four factors are important in determining whether a temporary restraining order is appropriate: (1) the likelihood of success on the merits; (2) whether a temporary restraining order is likely to prevent irreparable injury to the party moving for a temporary restraining order; (3) whether nonparties would likely be harmed by a temporary restraining order; and (4) whether the

---

[1] *See* Minutes.

(4:19CV2682)

public interest would be served by issuance of a temporary restraining order.[2] *PACCAR Inc. v. TeleScan Techs., L.L.C.*, 319 F.3d 243, 249 (6th Cir. 2003) (overruled on other grounds in *KP Permanent Make Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004)); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The test is a flexible one and the factors are not prerequisites to be met, but considerations to be balanced. *Id.* at 1229. In balancing those considerations, the Court finds that neither a stay nor equitable relief is appropriate.

### 1. Likelihood of Success on the Merits

Twice before, Smith filed for bankruptcy regarding the property at issue. Each time the bankruptcy was voluntarily dismissed. The instant motion addresses the voluntary dismissal of his third bankruptcy petition. After Smith's bankruptcy petition was voluntarily dismissed for a third time, U.S. Bank filed a motion to vacate the dismissal, sought relief from the automatic stay, and requested *in rem* relief. ECF No. 67[3] (reciting history of foreclosure and bankruptcy proceedings). The bankruptcy court granted the relief sought. *Id.* Now Smith's home (the "property at issue"), which has been in foreclosure since at least 2007, is scheduled for Sheriff's sale on February 18, 2020. *See* ECF No. 14 at PageID #: 93.

---

[2] In this expedited ruling, the Court weighs similar factors when considering Smith's motion for a stay pending an appeal under Fed R. Bankr. P. 8007. *In Re Gilbert*, 541 B.R. 415, 417 (Bankr. E.D. Mich. 2015) (noting the factors are (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) whether the moving party will be irreparably harmed absent a stay; (3) whether third parties will be harmed by the stay; and (4) the public interest in granting the stay) (citations omitted). This test is also a flexible one. *Id*.

[3] This citation and all other references to the bankruptcy court's decisions may be reviewed on the docket of United States Bankruptcy Court for the Northern District of Ohio Case No. 19-40227-rk.

(4:19CV2682)

In filing his most recent motion, Smith asserts two errors: (1) the bankruptcy court should not have vacated the voluntary dismissal; and (2) the bankruptcy court should not have granted the relief sought.

### a. Reinstating the Bankruptcy Case

Smith contends that the bankruptcy court erred when it reinstated his bankruptcy after he voluntarily dismissed it. He maintains that he has an absolute right to dismissal despite any alleged abuse.[4] The circuit courts addressing this issue have held that there is a bad faith exception to a debtor's voluntary dismissal under § 1307(b). *See In re Jacobsen*, 609 F.3d 647, 660 (5th Cir. 2010); *In re Rosson*, 545 F.3d 764, 772 (9th Cir. 2008). Since the Supreme Court decision in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), no other circuit court has held otherwise. Based on the record presented and "[i]n the absence of controlling authority in [the Sixth Circuit] . . . this court will follow *Jacobsen* and *Rosson* and determine that debtors do not have an absolute right to right to dismiss their case in the face of allegations that they have acted in bad faith or abused the bankruptcy process." *In re Cyncynatus*, 2013 WL 3864310, at *2 (Bankr. N.D. Ohio July 24, 2013).

Moreover, the Bankruptcy Appellate Panel of the Sixth Circuit and district courts within the Sixth Circuit have held that there are limits on a debtor's power to voluntarily dismiss his case. *See In re Cusano*, 431 B.R. 726 (B.A.P. 6th Cir. 2010) (finding that a bankruptcy court could place limits on debtors even after filing a voluntary dismissal under § 1307(b)); *see also In re Haddad*, 572 B.R. 661, 673 (Bankr. E.D. Mich. 2017) ("The Court does not hold that there is

---

[4] Under 11 U.S.C. § 1307(b), upon "request of the debtor any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under [Chapter 13]."

(4:19CV2682)

no conduct that would ever support the Court recognizing an exception to a debtor's right to dismissal under § 1307(b) . . . ."); *In re Cyncynatus*, 2013 WL 3864310, at *2; *In re McCraney*, 172 B.R. 868 (N.D. Ohio 1993).

Against this backdrop, Smith is not likely to prevail on his claim that the vacatur of the dismissal of his bankruptcy was improper.

### b. Relief from Automatic Stay

The bankruptcy court is empowered to grant relief from the automatic stay for cause under 11 U.S.C. § 362(d). "The decision whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court." *In re Martin*, 542 B.R. 199, 202 (B.A.P. 6th Cir. 2015); *In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002). The bankruptcy court detailed that U.S. Bank is owed in excess of $800,000.00 and that Smith's income was insufficient to pay the debt owed "over the course of the maximum five-year chapter 13 repayment plan." ECF No. 67 at Page #: 3 (finding that "[b]ecause Debtor's income does not support repayment of the debt in a chapter 13 plan, the creditor is entitled to relief under 11 U.S.C. § 1301(c)(2)."). Given the record, Smith has presented no basis to find that the bankruptcy court erroneously lifted the automatic stay.[5]

---

[5] The Bankruptcy Court's analysis includes the co-debtor, Smith's wife. The instant motions are filed only by Smith. Inclusion of the co-debtor would not alter the outcome of this ruling.

(4:19CV2682)

### c. *In Rem* Relief

Under 11 U.S.C. § 362(d)(4), a party may request *in rem* relief from the bankruptcy court if it can show "the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." The bankruptcy court sufficiently explained why it found that Smith's petition was part of a scheme to hinder U.S. Bank. *See* ECF No. 67. The bankruptcy court also explained why it found that Smith did not evidence a sincere attempt to use the bankruptcy proceedings. *See id.* at Page #: 4-5. Furthermore, the bankruptcy court soundly explained its reasoning regarding the application of the *Rooker-Feldman* doctrine. Smith has offered no bases to call the bankruptcy court's reasoning into question and the Court has found none on its own. Therefore, the Court finds Smith's claims that U.S. Bank lacks standing to be without merit.[6] *See* ECF Nos. 32, 76, 86, 91.

Overall, Smith has not shown a likelihood of success on the issues presented in his appeal.

### 2. Likelihood of Irreparable Harm

Smith has been living on the property at issue without paying for it for over a decade. He is in default and a foreclosure decree has been entered. He does not suffer irreparable harm because he no longer has a viable interest in the property.[7] The harm Smith alleges, being forced

---

[6] Acting as an appellate court under 28 U.S.C. § 158, the Court reviews the Bankruptcy Court's findings of law under a *de novo* standard. *In re Batie*, 995 F.2d 85, 88 (6th Cir. 1993).

[7] Smith does not seem to object to this point. He seems, however, to hinge his argument on U.S. Bank not having a viable interest either. As earlier indicated, this argument is precluded by *Rooker-Feldman*.

(4:19CV2682)

to sell his property, stems from his own inaction his failure to pay, not from the bankruptcy court's rulings. This factor does not support Smith's request for stay or equitable relief.

### 3. Harm to Third Parties

Smith has managed to prevent the foreclosure sale of the property at issue for over a decade. U.S. Bank will be harmed by its inability to realize its financial interest in the property. Other parties interested in purchasing the property at the foreclosure sale would also be harmed by its unavailability.

### 4. Public Interest

The public interest would not be served by imposing a temporary restraining order and preventing the scheduled foreclosure sale. The public has an interest in debtors paying their debts. Moreover, the Court agrees that "[t]he public interest is well served by protecting the integrity of the bankruptcy system from misuse and manipulation." ECF No. 86 at Page #: 4.

## II. Conclusion

Smith has repeated arguments made to the bankruptcy court and brought additional case law to the Court's attention. *See* ECF No. 18; ECF No. 15-1 (attachments to Smith's motion to supplement); ECF No. 14. Still, he does not refute the sound reasoning of the bankruptcy court for vacating the dismissal, lifting the stay, and granting the *in rem relief* sought. Having considered the above factors, the Court denies Smith's Motion for Stay Pending Appeal and/or Temporary Restraining Order (ECF No. 14).

The parties' arguments pertaining to preliminary injunctive relief shall be incorporated in their briefing on the merits. The briefing schedule remains:

- Smith's Brief of Merits is due February 24, 2020

(4:19CV2682)

- U.S. Bank's Brief on the Merits is due March 25, 2020

- Smith's Reply Brief is due April 8, 2020

IT IS SO ORDERED.

  February 6, 2020                        */s/ Benita Y. Pearson*
Date                                     Benita Y. Pearson
                                             United States District Judge